UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case no. 1:17-cr-130

v.                                           Hon. Janet T. Neff
                                              United States District Judge

DANIEL GISSANTANER,

        Defendant.                           Hon. Ray Kent
                                           United States Magistrate Judge

————————————————————————————/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO EXCLUDE DEFENSE WITNESS NATHAN ADAMS, OR IN THE
ALTERNATIVE, RESCHEDULE DAUBERT HEARING**

NOW COMES, the defendant, Daniel Gissantaner, by and through his attorney, Joanna C. Kloet, Assistant Federal Public Defender, and hereby files this Response to the government's Motion to Exclude Defense Witness Nathan Adams or, in the Alternative, Reschedule Daubert hearing, which is currently scheduled for March 22, 2018.

The defense seeks to ensure the Court has the necessary and relevant information before rendering a decision on what could be a seminal federal case on presenting DNA evidence in criminal cases, as well as in a matter that could have severe consequences for Mr. Gissantaner's personal liberty. Accordingly, at the initiation of this case, defense counsel retained an expert in forensic science, Dr. Julie Howenstine of Speckin Forensics in Lansing, Michigan, to review the DNA materials provided by the government in discovery. Dr. Howenstine reviewed these and other relevant materials obtained by the defense via subpoena, and informed defense counsel that an ongoing controversy in the field exists surrounding the use of probabilistic genotyping systems like STRmix and the use of the likelihood ratio in cases involving complex mixtures of DNA.

After intensively researching these complex issues and how they appear to be implicated in the case before the Court, undersigned defense counsel filed a Motion to Exclude DNA Evidence.[1] As the government concedes in its Motion to Exclude Defense Witness Nathan Adams, or, in the Alternative, Reschedule the Daubert Hearing, defense counsel previously notified the government that she had been seeking an additional defense expert to present testimony regarding aspects of probabilistic genotyping systems that other anticipated witnesses may be unable or unavailable to offer. This search had proven extremely challenging and time-intensive, due to the novelty of the STRmix program and the very small universe of individuals with sufficient expertise and availability to testify.

The government's brief in opposition to Mr. Gissantaner's Motion to Exclude DNA Evidence increased the need for an expert in the validation of software systems. The government asserted that the STRmix program has been sufficiently validated and as such should be admitted here. (ECF No. 52, PageID.1745-1748.) For instance, the government heavily relied on the internal validation studies performed by MSP's laboratory, arguing that these studies showed STRmix meets *Daubert*'s standards.  The government noted that it was "prepared to call at any evidentiary hearing the MSP personnel who oversaw the validation process for STRmix."  (ECF No. 52, Response to Motion to Exclude DNA Evidence, PageID.1746.) Thus, the government's arguments about the sufficiency of validation, including the witnesses it planned to call to testify on that subject, created the need for Mr. Gissantaner to demonstrate that these studies were insufficient.

---

[1] The defense's Motion to Exclude DNA Evidence cited a recent study by two government scientists at the National Institute of Standards and Technology ("NIST") issuing a caution with respect to use of this technology in the courtroom. (ECF No. 41-18, PageID.1258-1289.) In preparing for the hearing on the motion, defense counsel first sought the assistance of the government in securing these two federal employee witnesses for the hearing. However, the government refused, stating that it disagreed with the NIST authors' position. (*See also* ECF No. 52, PageID.1748, 1750.) Accordingly, defense counsel sought the Court's assistance by requesting subpoenas for these scientists, who are now the subject of the government's Motion to Quash, to testify regarding their findings.

From Wednesday, March 7, 2018, through Friday, March 9, 2018, defense counsel was able to confer at length with Mr. Adams regarding his possible testimony. She concluded that his education and experience qualified him to testify on the matters relating to probabilistic genotyping, as set forth in the letter attached to the government's request. (ECF No. 57-1.) Defense counsel also confirmed that Mr. Adams is available for the hearing on March 22, 2018, and conferred with her office management regarding his availability and her request to retain him. On Monday, March 12, 2018, defense counsel provided government counsel a detailed summary of Mr. Adams' anticipated testimony and a copy of his curriculum vitae. (Exhibit 1, Curriculum Vitae of Nathan Adams.)

The defense submits that the government has had adequate time to prepare to cross-examine Mr. Adams on March 22, 2018. In August 2017, the government provided to the defense the evidence produced by the new probabilistic genotyping software that was not available during the defendant's first prosecution on this charge, thereby bringing the reliability of the technology into issue at an early point in these proceedings. Next, after the defense filed its Motion to Exclude in December 2017, the government was notified several weeks ago that defense counsel was attempting to secure Nathan Adams, specifically, as an additional witness with expertise in probabilistic genotyping software systems. Finally, with respect to the issue of validation, the government has brought that particular issue into focus by arguing that this evidence should be admitted because the software used in this case was validated sufficiently, and Mr. Adams can offer relevant testimony with respect to that assertion.

The government has correctly indicated in its Motion that undersigned defense counsel indicated yesterday afternoon that she personally does not take a position with respect to adjourning the hearing. Today, March 13, 2018, defense counsel conferred with the defendant,

Daniel Gissantaner, about the government's motion and its alternative request for another adjournment of the hearing date. Mr. Gissantaner indicated that he wishes to proceed with the hearing as scheduled on March 22, 2018. Likewise, Nathan Adams, Dr. Julie Howenstine, and upon information and belief, the government's proposed witnesses from Michigan State Police Laboratory, are all prepared to proceed on March 22, 2018, as scheduled.

Respectfully, the defendant requests that the Court deny the government's Motion and allow the matter to proceed as scheduled on March 22, 2018.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:  March 13, 2018                      /s/ Joanna C. Kloet
                                            JOANNA C. KLOET
                                            Assistant Federal Public Defender
                                            50 Louis, NW, Suite 300
                                            Grand Rapids, MI 49503
                                            (616) 742-7420

4